UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re                                                                  Chapter 7

     RAFAEL VENTURA,                           Case No. 07-40096-ess

        Debtor.

-----------------------------------------------------------x


MEMORANDUM DECISION DISMISSING CHAPTER 7 CASE WITHOUT PREJUDICE


Appearances:

| Jose A. Rey, Esq. | Valerie Millman, Esq. | Mark Bruh, Esq. |
|---|---|---|
| Attorney for the Debtor | Office of the | Law Offices of Robert L. Geltzer, |
| 78-27 37th Avenue |   United States Trustee |   Chapter 7 Trustee |
| Suite 1 | 271 Cadman Plaza East | 1556 Third Avenue |
| Jackson Heights, NY 11372 | Room 4529 | Suite 505 |
| | Brooklyn, NY 11201 | New York, NY 10128 |

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

By motion dated April 9, 2007, the United States Trustee (the "UST") seeks dismissal of this Chapter 7 bankruptcy case and a bar to the debtor, Rafael Ventura (the "Debtor"), filing another Chapter 7 case for one year based on, among other things, the Debtor's failure to cooperate with the firm conducting a random audit of his case (the "UST Motion to Dismiss"). By motion dated April 19, 2007, the Chapter 7 Trustee, Robert L. Geltzer (the "Chapter 7 Trustee"), also seeks dismissal of the Debtor's Chapter 7 case based on the Debtor's failure to appear at the Section 341 meeting of creditors (the "341 Meeting") (the "Chapter 7 Trustee Motion to Dismiss" and, together with the UST Motion to Dismiss, the "Motions to Dismiss").[1] The Debtor has not filed written opposition to the Motions to Dismiss.

On May 22, 2007, the Court held a hearing on the Motions to Dismiss, at which counsel for the UST and counsel for the Chapter 7 Trustee appeared and were heard and the Debtor did not appear. On May 23, 2007, the Court issued an order directing the Debtor to contact the Chapter 7 Trustee to reschedule the 341 Meeting, to appear at an adjourned hearing on the Motions to Dismiss and to contact the UST to respond to the matters in the UST Motion to Dismiss (the "May 23 Order"). The May 23 Order also extended the UST's and the Chapter 7 Trustee's time to object to the Debtor's discharge, to object to the dischargeability of debts, and to seek relief under 11 U.S.C. § 707.

On July 10, 2007, the Court held the adjourned hearing on the Motions to Dismiss, at

---

[1] The Motions to Dismiss seek, as alternative relief, an extension of time to move to dismiss the Debtor's case under 11 U.S.C. § 707(b) and to object to the Debtor's discharge under 11 U.S.C. § 727. The Chapter 7 Trustee Motion to Dismiss also seeks, as alternative relief, an extension of time to object to the dischargeability of certain debts under 11 U.S.C. § 523.

2

which counsel for the UST appeared and was heard and the Debtor's counsel appeared and stated that the Debtor did not oppose dismissal of his case. On July 27, 2007, the Court held a further hearing to address the prospective prejudicial relief sought by the UST, at which counsel for the UST and the Debtor's counsel appeared and were heard, and the Debtor's counsel stated that the Debtor commenced this case in good faith, but no longer seeks to pursue the case or to receive a discharge of his debt. On August 30, 2007, the Motions to Dismiss were submitted for decision.

For the reasons set forth below, the UST Motion to Dismiss is granted in part and denied in part, the Chapter 7 Trustee's Motion to Dismiss is marked off the calendar, and the Debtor's Chapter 7 case is dismissed without prejudice to his ability to file a future bankruptcy case.

## **Background**

On January 8, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). On January 24, 2007, the Debtor's case was selected at random for an audit (the "Audit") pursuant to Section 603 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). *See* Docket Entry dated January 24, 2007. Pursuant to 28 U.S.C. § 586(f)(1),[2] the UST contracted with Chiampou Travis Besaw & Kershner LLP (the "Auditor") to perform the Audit. UST Motion to Dismiss ¶¶ 3, 4.

On January 24, 2007, the UST sent the Debtor's counsel a letter advising him of the

---

[2] 28 U.S.C. § 586(f)(1) provides: "[t]he United States trustee for each district is authorized to contract with auditors to perform audits in cases designated by the United States trustee, in accordance with the procedures established under section 603(a) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005."

Audit and attaching three documents (the "Audit Instructions"): (i) a document request and instructions on how and by when to produce the documents (the "Document Request"); (ii) a form to be completed by the Debtor's counsel informing the Auditor whether it is permitted to contact the Debtor directly; and (iii) a document entitled "Information on Debtor Audits". Supplemental Statement in Support of the UST Motion to Dismiss (the "Supplemental Statement"), Exh. A (Audit Instructions), Docket Entry 17. The Document Request directed the Debtor to provide to the Auditor, by February 14, 2007, copies of (i) payment advices or other evidence of payment from an employer for the six months preceding the Petition Date; (ii) federal income tax returns for the two most recent taxable periods; (iii) account statements for all depository and investment accounts in which the Debtor has an interest for the six months preceding the Petition Date; and (iv) if the debtor is divorced, the divorce decree, any orders regarding property settlements entered within the last three years, and any alimony or child support orders currently in effect. Supplemental Statement, Exh. A (Document Request).

On February 15, 2007, the Auditor sent the Debtor's counsel a letter (the "Auditor Letter") advising him that the Debtor had not responded to the Audit and that "[p]ursuant to [their] agreement with the United States Trustee Program, [they] will issue a 'Report of No Debtor Audit' if [they] do not receive the requested materials within seven days." Supplemental Statement, Exh. B (Auditor Letter), Docket Entry 27. The Auditor Letter also advised the Debtor's counsel that the filing of a Report of No Debtor Audit "may result in the filing of a complaint to deny or revoke your client's discharge or other action by the United States Trustee." *Id.* The Auditor Letter did not state that prospective prejudicial relief in the form of a bar of up to one year to a future bankruptcy filing would be sought. *Id. See also* Information on

Debtor Audits, *available at*

http://www.usdoj.gov/ust/eo/bapcpa/debtor_audit/docs/Information_Debtor_Audits.pdf.

On March 12, 2007, after not receiving a response from the Debtor or his counsel, the Auditor filed a Report of No Audit indicating that the "audit was not completed because the [D]ebtor did not respond to the [A]uditors [sic] requests for information." Docket Entry dated March 12, 2007.

On April 9, 2007, the UST filed the UST Motion to Dismiss. Docket Entry 12. The UST argues that the Debtor's failure to cooperate with the Audit is cause to dismiss his case under Section 707(a) of the Bankruptcy Code. UST Motion to Dismiss ¶¶ 8, 12. The UST also argues that based on the Debtor's lack of cooperation with the Audit, his failure to appear at the 341 Meeting and the initial hearing on the Motions to Dismiss on May 22, 2007, and his failure to comply with the Court's May 23 Order, he should be barred from filing a Chapter 7 bankruptcy petition for a period of one year. UST Motion to Dismiss ¶ 21. *See also* Supplemental Statement ¶ 9; Second Supplemental Statement in Further Support of the UST Motion to Dismiss (the "Second Supplemental Statement") at 4-6, Docket Entry 20.

On April 19, 2007, the Chapter 7 Trustee filed the Chapter 7 Trustee Motion to Dismiss. Docket Entry 15. The Chapter 7 Trustee argues that the Debtor's failure to attend the 341 Meeting scheduled for April 17, 2007, is grounds to dismiss his case. The Chapter 7 Trustee does not seek prospective or prejudicial relief against the Debtor. As noted above, in the May 23 Order, the Court directed the Debtor to contact the Chapter 7 Trustee to reschedule the 341 Meeting. By letter dated June 6, 2007, the Chapter 7 Trustee advised the Court that the Debtor did not contact him and asked the Court to grant the Chapter 7 Trustee Motion to Dismiss. *See*

Letter from Chapter 7 Trustee to Hon. Elizabeth S. Stong dated June 6, 2007, Docket Entry 19.

## **Discussion**

Since its inception, the U.S. Trustee program, a component of the U.S. Department of Justice, has been charged with the duty to serve as the "watchdog over the bankruptcy process." About the United States Trustee Program & Bankruptcy, *available at* http://www.usdoj.gov/eo/ust_org/about_ustp.htm. *See also* H.R. REP. NO. 95-595, at 4, 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 5966, 6049. This "watchdog" role is consistent with the mission of the U.S. Trustee program, which is "to promote integrity and efficiency in the nation's bankruptcy system by enforcing bankruptcy laws, providing oversight of private trustees, and maintaining operational excellence." U.S. Trustee Program Strategic Plan & Mission, *available at* www.usdoj.gov/ust/eo/ust_org/mission.htm. In monitoring the integrity of the bankruptcy system, consumer protection and combating fraud and abuse are among the U.S. Trustee program's central efforts. *See, e.g.*, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), *available at* http://www.usdoj.gov/ust/eo/bapcpa/index.htm.

Random audits are a relatively new component of the consumer bankruptcy system. In 2005, Congress amended the Bankruptcy Code to provide that a small fraction of all Chapter 7 and 13 cases filed by individual debtors is randomly selected for audit (the "BAPCPA Audit Procedures"). *See* Pub. L. No 109-8, § 603 (2005); *In re Moreland*, No. 06-81797, 2007 WL 1830837, at *1 (Bankr. C.D. Ill. June 22, 2007) (summarizing BAPCPA Audit Procedures). BAPCPA fixed the number of cases to be audited, the procedures to be followed by the auditor, and the steps to be taken if a "material misstatement" is found.

Specifically, BAPCPA Section 603(a) directs that "not less than 1 out of every 250 cases

in each Federal judicial district shall be selected for audit" and provides that "[s]uch audits shall be in accordance with generally accepted auditing standards and performed by independent certified public accountants or independent licensed public accountants." Pub. L. No. 109-8, § 603(a)(1), (2)(B). *See also* 28 U.S.C. § 586(f)(1). BAPCPA Section 603(b) amends 28 U.S.C. § 586(f) to permit the UST to contract with auditors to perform these audits and file reports that "clearly and conspicuously specify any material misstatement of income or expenditures of assets." 28 U.S.C. § 586(f)(1), (2)(A). If the auditor's report identifies a "material misstatement," then the UST shall "(i) report the material misstatement, if appropriate, to the United States Attorney . . . ; and (ii) if advisable, take appropriate action, including but not limited to commencing an adversary proceeding to revoke the debtor's discharge pursuant to section 727(d) of title 11." 28 U.S.C. § 586(f)(2)(B).

BAPCPA Section 603(c) amends Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code to impose on individual debtors a duty to cooperate with the auditor. Pub. L. No. 109-8, § 603(c); 11 U.S.C. § 521(a)(3), (4). Additionally, BAPCPA Section 603(d) amends Section 727(d) of the Bankruptcy Code to add as grounds for revocation of discharge:

(4)  [F]ail[ure] to explain satisfactorily

    (A)    a material misstatement in an audit referred to in section 586(f) of title 28; or

    (B)    a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.

Pub. L. No. 109-8, § 603(d); 11 U.S.C. § 727(d)(4).

Unlike some other tools regularly used by the U.S. Trustee program in its "watchdog"

role, such as targeted audits, the random audits mandated by Section 603 do not reflect a judgment that a debtor's case bears any taint of fraud or abuse. Rather, an individual debtor's case may be selected for a random audit without regard to whether the debtor is eligible to be a debtor under the Bankruptcy Code, whether the debtor satisfies the requirements of the Bankruptcy Code to complete his or her case, or whether the debtor receives a discharge. Indeed, even a bankruptcy case that is filed by a debtor based on incorrect information, or one that is filed in error, could be subject to an audit if it is among those randomly selected.

Against this background, the Motions to Dismiss present two issues: first, whether the UST and the Chapter 7 Trustee have established cause to dismiss the Debtor's bankruptcy case under Section 707(a); and second, if the case is dismissed, whether the dismissal should be with prejudice to the Debtor's ability to file a Chapter 7 bankruptcy petition for one year.

*Whether the Debtor's case should be dismissed*

Both the UST and the Chapter 7 Trustee seek dismissal of the Debtor's bankruptcy case. Section 707(a) of the Bankruptcy Code provides that "the court may dismiss a case under this chapter only after notice and a hearing and only for cause." 11 U.S.C. § 707(a). The party moving for dismissal under Section 707(a) bears the burden of proving "cause" by a preponderance of the evidence. *In re Horan*, 304 B.R. 42, 46, 48 (Bankr. D. Conn. 2004). Section 707(a) provides examples of "cause" sufficient to warrant dismissal of a case. These examples are:

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such

> additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a). These three examples are "not exhaustive, but merely illustrative." H.R. REP. NO. 95-595, at 380 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6336; S. REP. NO. 95-989, 94 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5880. *See Dinova v. Harris (In re Dinova)*, 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997); 6 COLLIER ON BANKRUPTCY, ¶ 707.03[1] at 707-15 (15th ed. rev. 2006). For these reasons, whether "cause" to dismiss exists under Section 707(a) must be determined on a case-by-case basis. *See In re Dinova*, 212 B.R. at 442.

Section 521 of the Bankruptcy Code describes a debtor's duties in a bankruptcy case. Under Section 521(a)(3) as amended, an individual debtor has a duty to the trustee and the auditor serving under 28 U.S.C. § 586(f) to cooperate as necessary for them to fulfill their functions under the Bankruptcy Code. 11 U.S.C. § 521(a)(3). Under Section 521(a)(4) as amended, an individual debtor also has a duty to the trustee and the auditor to surrender any recorded information, including books, documents, records, and papers, relating to property of the estate. 11 U.S.C. § 521(a)(4). And under Section 343, a debtor must submit to examination under oath at the meeting of creditors required by Section 341. 11 U.S.C. §§ 341, 343.

Here, the Debtor has not fulfilled his statutory duties to cooperate with the Chapter 7 Trustee and the Auditor, to surrender recorded information to the Chapter 7 Trustee and the Auditor, or to appear for examination at the Section 341 Meeting. As a result, the Chapter 7 Trustee was not able to administer the estate and the Auditor was not able to conduct an audit or file a report with the Court. For these reasons, the UST and the Chapter 7 Trustee have established that cause exists under Section 707(a) to dismiss the Debtor's case.

*Whether the Debtor's case should be dismissed with prejudice*

In addition to dismissal, the UST seeks an order preventing the Debtor from filing another Chapter 7 bankruptcy case for one year. Section 349(a) of the Bankruptcy Code provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349(a). Dismissal with prejudice to refiling is a "drastic sanction," which "should only be used in extreme situations." *In re Martin-Trigona*, 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1983). *See also In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002); *In re Merayo*, 319 B.R. 883, 885 (Bankr. E.D. Ark. 2005). The UST acknowledges that "dismissal with prejudice is a drastic remedy," but argues that it is an appropriate remedy here because the Debtor has "ignored his responsibilities and obligations." Second Supplemental Statement at 4.

Courts generally decline to dismiss a bankruptcy case with prejudice unless there is evidence of egregious conduct on the part of the debtor demonstrating bad faith. *See In re Hall*, 304 F.3d at 746; *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 937 (4th Cir. 1997). For example, several courts, including the Second Circuit Court of Appeals, have concluded that dismissal with prejudice is warranted where a debtor files a series of bankruptcy petitions that are strategically timed to thwart a secured creditor from foreclosing on its collateral. *See, e.g.*, *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 341-42 (2d Cir. 1999) (affirming bankruptcy court's determination that Chapter 13 case was void because the debtor commenced it in violation of an order dismissing that debtor's third Chapter 11 case with prejudice); *In re Tomlin*, 105 F.3d at 941-42 (affirming the dismissal of a serial bankruptcy filer's sixth

bankruptcy case with prejudice to refiling for 180 days); *Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz)*, 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006) (affirming the dismissal of a serial bankruptcy filer's fourth Chapter 13 case with prejudice to refiling for 180 days).

Other courts have relied on a range of factors showing bad faith.  For example, one court barred a debtor from filing a bankruptcy petition for two years without prior court approval and issued a $1,000 sanction after the debtor filed six Chapter 13 cases without schedules and other required documentation, failed to disclose the previously filed bankruptcy cases in all but the first petition, and filed the sixth petition in violation of an order dismissing her previous case with prejudice to refiling for 180 days.  *In re Hughes*, 360 B.R. 202, 205-06 (Bankr. N.D. Tex. 2007).  That same court later imposed a $10,000 sanction when it discovered that after the dismissal of her sixth case, the debtor transferred the real property that she was attempting to shield with her serial filings to her aunt for $10 and then assisted her in filing a Chapter 13 petition.  *In re Hughes*, 360 B.R. at 206-09.  *See also In re Grischkan*, 320 B.R. 654, 661 (Bankr. N.D. Ohio 2005) (holding that the debtor's "abuse of the bankruptcy process" and "egregious treatment of the lender" by, among other things, filing four bankruptcy cases in three years, warranted the imposition of an 180-day bar to refiling).

Dismissal with prejudice was also in order where a debtor listed a fabricated social security number on his bankruptcy petition.  *In re Isaza*, 248 B.R. 727, 729 (Bankr. S.D.N.Y. 2000).  There, the court observed that "with certain exceptions prohibition of future bankruptcy filing by the debtor will not necessarily serve the interest of creditors or the objectives of the Bankruptcy Code, providing there is full disclosure," and dismissed the debtor's bankruptcy case "without prejudice to his right to apply to this Court for permission to refile if and when he

11

obtains his own social security number." *Id.*

The UST argues that barring the Debtor from refiling a Chapter 7 bankruptcy case for one year is an appropriate remedy for the Debtor's noncompliance with the Audit because it is a less drastic remedy than the potential consequence that is explicitly contemplated by the Bankruptcy Code, that is, the revocation of a debtor's discharge under Section 727(d)(4)(B). Second Supplemental Statement at 4.

Section 727(d)(4)(B) was added to the Bankruptcy Code by BAPCPA and provides:

> [o]n request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under [Section 727(a)] if– . . . (4) the debtor has failed to explain satisfactorily– . . . (B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.

11 U.S.C. § 727(d)(4)(B). If a court revokes a debtor's discharge under Section 727(d) for failure to cooperate with an auditor or on any other grounds, then the debts scheduled by that debtor will not be eligible for discharge in a future bankruptcy case. 11 U.S.C. § 523(a)(10). *See, e.g.*, *Klapp v. Landsman (In re Klapp)*, 706 F.2d 998, 1000 (9th Cir. 1983) (holding a debt to be nondischargeable because it was scheduled in a previous bankruptcy case in which the discharge was revoked). *See also Marion Indep. Credit Union v. Baker (In re Baker)*, 1990 WL 305559, at *4 (Bankr. N.D. Ind. Apr. 20, 1990); *Patterson Dental Co. v. Mendoza (In re Mendoza)*, 16 B.R. 990, 995-96 (Bankr. S.D. Cal. 1982); 4 COLLIER ON BANKRUPTCY, ¶ 523.16 at 523-113 (15th ed. rev. 2006).

The UST argues that in enacting Section 727(d)(4) as part of the BAPCPA amendments, Congress demonstrated that it "contemplated harsh remedies" for debtors who do not fulfill their statutory duty to cooperate with a random audit. Second Supplemental Statement at 4. In

12

essence, the UST argues that the revocation of a debtor's discharge, which is the relief authorized by BAPCPA when a Chapter 7 debtor does not cooperate with an audit, implicitly includes the imposition of a bar to filing a future Chapter 7 bankruptcy case, an assertedly lesser penalty. This is not necessarily so.

It is an axiom of statutory interpretation that "Congress 'says in a statute what it means and means in a statute what it says there.'" *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)). In enacting BAPCPA, Congress established a broad range of new obligations and duties for debtors, and in particular for individual debtors. *See, e.g.*, 11 U.S.C. §§ 109(h) (credit counseling), 521(a)(1)(B)(iii)-(vi) (additional filing requirements), 707(b)(2) (means test), 727(a)(11) (financial management instructional course for Chapter 7 debtors), 1308 (filing of prepetition tax returns), 1328(g)(1) (financial management instructional course for Chapter 13 debtors). *See also* Hon. Judith K. Fitzgerald, *We All Live in a Yellow Submarine: BAPCPA's Impact on Family Law Matters*, 31 S. ILL. U. L.J. 563, 574-79 (2007) (summarizing additional requirements that BAPCPA imposes on individual debtors).

At the same time, Congress added eligibility requirements for individual debtors, including the requirement that within 180 days prior to filing a bankruptcy case, a debtor complete a credit counseling course offered by an approved nonprofit budget and credit counseling agency. 11 U.S.C. § 109(h)(1). But Congress did not amend Section 109 of the Bankruptcy Code, the section governing eligibility, to render an individual ineligible to be a debtor due to his or her failure to cooperate with a bankruptcy audit in a prior bankruptcy case.

The Bankruptcy Code provides for prejudicial relief in the form of a bar to filing a future

bankruptcy case in certain situations. Section 109(g) provides that a debtor is ineligible to file a bankruptcy case for 180 days if "[a prior] case was dismissed by the court for *willful failure* of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case" or if "the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay . . . ." 11 U.S.C. § 109(g)(1), (2) (emphasis added). In each of these circumstances, a *willful* or intentional act of a debtor provides the basis for the harsh prospective relief of a bar to filing a bankruptcy case.

While the Bankruptcy Code does not provide for a bar or period of ineligibility that exceeds six months, a bankruptcy court may, in the exercise of its equitable powers, impose a period of ineligibility or bar on future filings on a debtor for a period of six months or more under appropriate circumstances. *In re Casse*, 198 F.3d at 339.

In enacting BAPCPA, Congress could have added failure to comply with the BAPCPA Audit Procedures as an additional grounds for ineligibility to file a future bankruptcy case. But Congress did not do so. Thus, while BAPCPA provides a statutory basis to revoke a debtor's discharge for noncompliance with a bankruptcy audit, it did not require dismissal with prejudice for such conduct. Since this case will not result in the Debtor's discharge, revocation of discharge, the sanction Congress specifically authorized for noncompliance with a bankruptcy audit, is not available.

Viewed in this context, it is plain that in the appropriate case, and based on the appropriate record, a bankruptcy court has the discretion to order prejudicial and prospective relief, including a bar to filing a future bankruptcy case, in response to a debtor's failure to comply with a random audit under BAPCPA. But the discretion to direct such relief necessarily

14

encompasses the discretion to grant or to deny it, based on the entire record. If, for example, a debtor engages in fraud or misconduct in connection with the random audit of his or her bankruptcy case, then as with the debtor who engages in a scheme to prevent a foreclosure by filing a series of bankruptcy cases or transfers property for a nominal sum to someone who then files a bankruptcy case, barring that debtor from filing a bankruptcy case for six months or longer may be appropriate. *See* pp. 10-12, *supra*.

Here, the record of this Chapter 7 case, does not establish that the Debtor has engaged in egregious conduct or a scheme to hinder his creditors. This is the Debtor's first bankruptcy filing. The record of the case does not indicate that the Debtor filed solely to take advantage of the bankruptcy stay. Nor does the record suggest that the Debtor transferred or concealed assets, or incurred significant unsecured debt, in anticipation of his bankruptcy filing. To the contrary, it appears from the record, including statements by the Debtor's counsel at the hearings held on July 10 and July 27, 2007, that the Debtor commenced this bankruptcy case in good faith, but no longer seeks to pursue the case or to receive a discharge of his debt.

What is more, the Debtor's failure to pursue this case and the resulting dismissal creates serious consequences for his financial future even without the prejudicial relief that the UST seeks. First, once this case is dismissed, the Debtor will no longer be protected by the automatic stay and his creditors will be free to pursue their collection efforts against him. *See* 11 U.S.C. § 362(c)(2)(B). Second, this Chapter 7 filing will appear on the Debtor's credit history and may well increase his difficulty and expense in obtaining credit. Third, if the Debtor files one or more bankruptcy petitions within one year of the dismissal of this case, the protections of the automatic stay will be significantly diminished pursuant to Sections 362(c)(3) and 362(c)(4).

*See* 11 U.S.C. § 362(c)(3), (4).  Finally, whenever a case is dismissed, a debtor faces the prospect that he or she may be barred from pursuing bankruptcy relief within 180 days of the dismissal of this case if the bankruptcy court in which the case is filed finds that the prior case was dismissed "for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case."  11 U.S.C. § 109(g)(1).  These and other consequences of dismissal without prejudice appropriately and adequately address the Debtor's conduct in this case, and the Court shall exercise its discretion not to grant additional prospective relief.

## Conclusion

For the foregoing reasons, the UST Motion to Dismiss is granted in part and denied in part and the Debtor's case is dismissed pursuant to 11 U.S.C. § 707(a) without prejudice to the Debtor's right to file a future bankruptcy case.  As the grounds for dismissal stated in the Chapter 7 Trustee Motion to Dismiss are encompassed by the UST Motion to Dismiss, the Chapter 7 Trustee Motion to Dismiss is marked off the Court's calendar.  An order in accordance with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
      September *18*, 2007

                                       ***S/Elizabeth S. Stong***
                                       ELIZABETH S. STONG
                                       UNITED STATES BANKRUPTCY JUDGE